William J. Flynn, San Francisco, Cal., and Michael Langton, Reno, Nev., for defendant.

---

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**LOCAL 350, PLUMBERS AND PIPEFITTERS, Defendant.**

**No. CN–N–89–359–ECR.**

United States District Court, D. Nevada.

May 30, 1990.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

Before this Court are defendant's Motion for Summary Judgment, or in the alternative, Motion for Partial Summary Judgment and Motion to Strike (# 9), and plaintiff's Cross–Motion for Partial Summary Judgment (# 16). These Motions are directed towards plaintiff's Complaint (# 1) which was filed in this Court on June 20, 1989.

Plaintiff's Complaint is on behalf of Donald Pilot (Pilot) and all similarly situated protected age-group members, and alleges violations of the Age Discrimination in Employment Act of 1967 (ADEA). Pilot is a retired member of the Local 350 of the Plumbers and Pipefitters Union (Local 350 or defendant), having voluntarily retired in 1983. At least as early as April, 1984, defendant adopted a policy that members who were retired and receiving a pension could not use the hiring hall in order to obtain work unless they first relinquished their retirement benefits. In March and April, 1984, and in November, 1987, defendant refused to allow Pilot to use the hiring hall unless he first relinquished retirement benefits for the time that he wished to be registered on the "out of work" list. In June, 1984, Pilot filed charges with the National Labor Relations Board (NLRB) protesting the defendant's policy. The NLRB found that defendant's rule did not

appear to be inherently unfair or discriminatory, and refused to issue a complaint in the matter. Pilot subsequently filed similar charges with the NLRB which were likewise rejected.

On December 24, 1987, Pilot filed a discrimination charge with the Nevada Equal Rights Commission and the plaintiff, EEOC. The plaintiff then filed its Complaint on June 20, 1989. Defendant filed its Motion for Summary Judgment on January 17, 1990, and an Amended Motion on February 2, 1990. On February 5, 1990, plaintiff filed its Cross–Motion for Partial Summary Judgment which also served as an Opposition to defendant's Motion for Summary Judgment. Defendant filed its Reply on February 20, 1990 to plaintiff's Opposition which also served as an Opposition to plaintiff's Cross–Motion for Partial Summary Judgment. Finally, on February 28, 1990, plaintiff filed its Reply.

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The parties moving for summary judgment have the burden of establishing that there is no genuine issue of material fact; once this burden is met the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Trial courts should act with caution in granting summary judgment and may deny summary judgment where there is reason to believe that the better course would be to proceed to trial. *Id.* at 255, 106 S.Ct. at 2513–14.

In this case, there does not appear to be any genuine dispute with regard to the material facts necessary to decide the Motion for Summary Judgment and the Cross–Motion for Partial Summary Judgment. In both Motions, plaintiff and defendant raise several arguments, however, this Court need only consider one issue to dispose of this case: whether the defendant's policy of excluding pension receiving retirees from using the hiring hall violates the ADEA.

Plaintiff's Complaint essentially alleges that the defendant's hiring hall practices constitute a violation of § 4(c) of the ADEA, 29 U.S.C. § 623(c). More specifically, plaintiff argues in its Cross–Motion that defendant's practices constitute a *per se* violation of 29 U.S.C. § 623(c)(2). 29 U.S.C. § 623(c)(2) states:

It shall be unlawful for a labor organization—

(2) to limit, segregate, or classify its membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's age....

In its Motion for Summary Judgment, defendant argues that its policy does not violate § 623(c)(2), and is based upon a reasonable factor other than age pursuant to 29 U.S.C. § 623(f)(1). 29 U.S.C. § 623(f)(1) states:

It shall not be unlawful for an employer, employment agency, or labor organization—

(1) to take any action otherwise prohibited under subsections (a), (b), (c), or (e) of this section where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business, or where the differentiation is based on reasonable factors other than age, or where such practices involve an employee in a workplace in a foreign country, and compliance with such subsections

would cause such employer, or a corporation controlled by such employer, to violate the laws of the country in which such workplace is located....

In considering allegations of age discrimination in violation of the ADEA, this Court applies the "burden shifting" test expressed in *McDonnell Douglas v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121, 105 S.Ct. 613, 621–22, 83 L.Ed.2d 523 (1985). Consequently, plaintiff must establish a prima facie case of age discrimination. The burden then shifts to the defendant to demonstrate that an exception to the statute applies.[1] *See Equal Employment Opportunity Commission v. Borden's, Inc.,* 724 F.2d 1390, 1394 (9th Cir. 1984).

Plaintiff has arguably established a prima facie case of age discrimination. Plaintiff appears to be relying on a disparate treatment theory rather than a disparate impact theory.[2] A disparate treatment theory requires that the defendant act with discriminatory intent. *Equal Employment Opportunity Commission v. Borden's, Inc.,* 724 F.2d 1390, 1393 (9th Cir. 1984). This discriminatory intent may be proved by showing that the policy in question was enacted to deny a benefit to persons based upon their age. *Id.* The discrimination in this case was arguably intentional in that defendant's policy was intended to not allow persons who were retired and receiving pensions from using the hiring hall. Although the Ninth Circuit has held that distinctions based upon retirement *eligibility* are essentially distinctions based upon age, *id.,* it has not decided whether retirement itself may be equated with age. Nevertheless, the Ninth Circuit has noted that where age is a "but for"

cause or necessary condition for a defendant's policy, then this policy is based upon age. *Id.* Therefore, defendant's policy is arguably based upon age since only union members over 55 may elect to become retired members, and thus, become subject to the no-hiring hall policy. Exhibit B to Declaration of George Foster in Support of Defendant's Motion for Partial Summary Judgment.

Nevertheless, even assuming that plaintiff has established a prima facie violation of § 623(c)(2), defendant can establish an exemption from liability pursuant to § 623(f)(1). Defendant's policy of limiting the hiring hall to non-retired, "out-of-work" members was based upon other reasonable factors besides age. Defendant's hiring-hall policy is intended to help out-of-work members obtain employment. The policy does not bar retired members from using the hall, rather, it bars retired members receiving a pension from using the hall. These retired members may use the hiring hall for the period that they elect not to receive pension benefits. In essence, the defendant's policy merely states that retired members receiving a pension are not "out-of-work," and are therefore not eligible to use the hiring hall. Plaintiff's claim that this policy is equivalent to requiring non-retired members who are unemployed to forego their unemployment compensation before being able to use the hiring hall is unconvincing. Several distinctions can be drawn between the two situations. First, retired members choose retirement, whereas most unemployed members that would wish to use the hiring hall do not elect to be unemployed. Furthermore, unemployment compensation is a temporary measure intended to help a person while they are looking for work. In contrast, a

---

1. This Circuit has suggested that courts need not adhere to the standards of *McDonnell Douglas* in a rigid fashion. *Equal Employment Opportunity Commission v. Borden's, Inc.,* 724 F.2d 1390, 1394 (9th Cir.1984). Instead, a court should consider the facts of each case in evaluating the proposed justification for a policy. *Id.* In this case, a consideration of defendant's § 623(f)(1) defense will require a consideration of whether defendant's policy was discriminatory. *Id.*

2. Disparate impact theories are often used to demonstrate that a facially neutral policy violates the ADEA because it "actually operates to exclude from a job a disproportionate number of persons protected by the ADEA." *Leftwich v. Harris–Stowe State College,* 702 F.2d 686, 690 (8th Cir.1983). Plaintiff did not argue this theory in its Complaint, and presented no evidence concerning adverse impact upon persons protected by the ADEA.

pension is more permanent in nature and is intended to a large extent to take the place of one's previous salary.

In contrast to plaintiff's claims, defendant's policy is not in violation of its own national pension fund rule. The rule upon which plaintiff relies simply states that a retiree may work up to 39 hours per month and still receive pension benefits.[3] It does not, however, mandate that Union Locals must make their hiring halls available to retired members receiving pensions. Furthermore, as previously stated, defendant's policy in not making the hiring hall available to retired members receiving pensions was based upon reasonable factors.

Since defendant's policy of considering retired members receiving pensions as not being "out-of-work" was based upon reasonable factors other than age within the meaning of 29 U.S.C. § 623(f)(1), summary judgment must be granted in defendant's favor.

IT IS, THEREFORE, HEREBY ORDERED that defendant's Motion for Summary Judgment (# 9) and amendments thereto (# 13) are GRANTED, and plaintiff's Cross–Motion for Partial Summary Judgment (# 15) is DENIED. The Clerk shall enter judgment accordingly.

---

**3.** In any event, this national rule was enacted in order to comply with the Tax Equity and Fiscal Responsibility Act of 1982, and does not appear to have been promulgated in order to comply with the ADEA. Exhibit D to Plaintiff's Cross–Motion for Partial Summary Judgment.